PEOPLE ex rel. GOFF v. KIRK, Sheriff.

(Supreme Court, Appellate Division, Third Department. December 3, 1909.)

1. EMINENT DOMAIN (§ 2*)—REGULATIONS—HEALTH.

A regulation of the health department, prohibiting the cutting of ice on lakes and ponds used as a source of water supply for cities and villages, is invalid, as a deprivation of private property without compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 3–4, 7; Dec. Dig. § 2.*]

2. EMINENT DOMAIN (§ 2*)—REGULATIONS—CUTTING ICE—USE OF HORSES AND MEN.

Where a health regulation prohibiting the cutting of ice on lakes and ponds used as a source of water supply for cities and villages, was invalid, as taking property without compensation, a provision forbidding horses and men from going on the ice would be invalid; it not appearing that the ice could be otherwise harvested.

. .[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 3–4, 7; Dec. Dig. § 2.*]

Appeal from Tioga County Court.

Habeas corpus by the People, on the relation of George H. Goff, against Fremont Kirk, Sheriff of Tioga County, to obtain relator's release from imprisonment for violating a health department order, prohibiting the cutting of ice with men and teams on lakes and ponds

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date; & Rep'r Indexes

used as a source of water supply for cities and villages. Petitioner discharged, and the People appeal. Affirmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG, SEWELL, and COCHRANE, JJ.

Edward R. O'Malley, Atty. Gen., for appellant.

Frederick E. Hawkes, for respondent.

SMITH, P. J. The able opinion of the learned County Judge gives abundant reason for the order made. The right to take private property without compensation for the public good is an extraordinary right, justified only by absolute necessity. Where the public good can be conserved by the regulation of a right, the power to destroy does not exist. It would seem undoubted that the harvesting of ice might be placed under such regulations as to give substantial guaranty that the purity of the water would not be endangered. With the possibility of efficient regulation, to prohibit the cutting of ice, or of the necessary means thereto, is beyond the power of the health officer. A contrary holding would work both private and public mischief. Much of the ice throughout the state is harvested from lakes or ponds, which are to an extent the source of the water supply of cities and villages. The power to prohibit the taking of ice from such sources would deprive the public of a large part of the ice which is now furnished for its health and comfort. These considerations are not without weight in the condemnation of a health order so drastic as the one involved in the case at bar.

The appellant insists, however, that if that part of the order prohibiting the cutting of ice be void, nevertheless the remainder may stand, to wit, that portion which forbids horses and men from going upon the ice. It does not appear, however, that ice can be otherwise harvested. These are the instrumentalities that are ordinarily used for that purpose. If their use be prohibited, the harvesting of ice is practically enjoined. Upon the evidence the danger to the public health lies in the chance of contamination from typhoid germs; but horses never have typhoid fever, and men so afflicted are not usually at work in ice fields. Even if it be assumed that a man might have typhoid for some time before it is diagnosed, the possibility of danger is so remote as not to be substantial. If this order, prohibiting men and teams from going upon ice where the water may be used for general purposes, be valid, the cutting of ice may be stopped upon the Hudson river, and in fact upon any river in the state, which would be a result more deplorable than would come from the possible slight contamination by reason of the use of horses and men in harvesting ice under proper restrictions and regulations.

We think, therefore, that the order must be affirmed, with costs.

Final order affirmed, with costs. All concur.